**Leslie WATTS, Plaintiff–Appellant**

v.

**PARKING MANAGEMENT, INC., et al., Defendant–Appellees.**

No. 06–7055.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 22, 2006.

William John Howard, Howard & Marcus, Hyattsville, MD, for Plaintiff–Appellant.

Barbara S. Wahl, Arent Fox PLLC, Washington, DC, for Defendant–Appellees.

Before: GINSBURG, Chief Judge, and SENTELLE and RANDOLPH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs by the parties and oral arguments of counsel.

The district court held that Watts's claim was time-barred. Appellant Watts, plaintiff below, asserted a violation of section 510 of the Employee Retirement Income Security Act, which prohibits discharging an employee "for the purpose of interfering with the attainment of any right to which [an employee benefit plan participant] may become entitled under the plan." 29 U.S.C. § 1140. Because this federal law does not have a statute of limitations, the district court applied the limitations period applicable to actions brought under the District of Columbia Human Rights Act, D.C.Code §§ 2–1401.01 *et seq.* The DCHRA has a one year statute of limitations, § 2–1403.16(a), and the district court granted summary judgment to the defendants because appellant filed suit more than seventeen months after his employment was terminated.

If a federal statute lacks an expressly applicable federal statute of limitations, the general rule is that the court must identify and apply "the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).[1] Appellant argues

that the district court should not have borrowed the statute of limitations from the DCHRA, because § 2–1401.03(c) of the Act provides that "[n]othing in this chapter shall be construed to supersede any federal rule, regulation or act." Instead, appellant argues that the district court should have borrowed a limitations period from a federal statute. Appellant's arguments are without merit. The DCHRA limitations period did not "supersede" any provision in ERISA, but rather filled a gap left by that federal statute's lack of its own statute of limitations. And the "closely circumscribed exception to the general rule," which allows courts to apply a closely analogous federal statute of limitations in limited circumstances, simply does not apply in this case. *See Reed v. United Transp. Union,* 488 U.S. 319, 324, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989).

The district court properly looked to District of Columbia law for an analogous statute of limitations. Appellant has offered us no alternative choice from District of Columbia law. It is therefore

ORDERED AND ADJUDGED that the District Court's decision is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C.CIR. R. 41.

---

1. District of Columbia law may be treated as state law for purposes of the borrowing doc-trine. *See Brown v. United States,* 742 F.2d 1498, 1501 (D.C.Cir.1984).